## CAMPBELL *v.* ORILLION.

Where a plaintiff who had appealed from a judgment rendered in his favor but for a less amount than he claimed, executing a bond with surety for the costs only, subsequently causes a *fi. fa.* to be issued against the defendant, it will be considered a voluntary execution of the judgment and an abandonment of the appeal. C. P. 567.

APPEAL from the District Court of Iberville, *Burk*, J. *Edwards*, for the appellant. *Deblieux*, for the defendant. The judgment of the court was pronounced by

KING, J. The plaintiff being dissatisfied with a judgment rendered in his favor for a less sum than he claimed to be due, took the present appeal, giving a bond with surety for costs only. Subsequently he caused an execution to issue, in virtue of which property of the defendant's was seized. No sale was effected for the want of bidders, the writ was returned not satisfied, and an *alias fi. fa.* issued, which is now in the hands of the sheriff. The defendant has moved for the dismissal of the appeal, on the ground that the plaintiff has acquiesced in the judgment rendered in his favor, by thus voluntarily executing it. In support of his motion he has produced a certified copy of the *fieri facias* which first issued, with the return thereon, and the certificate of the clerk that an *alias fi. fa.* is now in the hands of the sheriff. As these documents form no part of the record brought up, the facts which they disclose could, in the absence of the consent of parties, only have been considered with a view to remanding the cause for the purpose of trying the new issue now presented. In order to obviate the delay consequent upon remanding the cause, counsel have consented that the documents produced by the defendant may be considered as regularly before us.

The plaintiff contends that, as his appeal was not suspensive but devolutive only, he was at liberty during its pendency to execute his judgment, without prejudice to his right of claiming its revision and correction in the appellate tribunal. Our law expressly denies to a party the right of appealing from a judgment, which he has voluntarily executed. Code of Pract. art. 567. He is not permitted at once to maintain the antagonist positions of affirming a judgment and seeking its reversal. The voluntary execution of the judgment is such an acquiescence in it as precludes the party who thus affirms it from subsequently contesting its correctness. For the same reasons the voluntary execution of a judgment after having taken an appeal, will be deemed an abandonment of the appeal. The plaintiff, by issuing a *fi. fa.*, has acquiesced in the judgment rendered in his favor, and has thereby forfeited the right to prosecute this appeal. *Appeal dismissed.*