## COBB et ux. *v.* HYNES.

A creditor who has obtained a judgment, with an acknowledgment of his rights as a mortgagee, may seize other property than that mortgaged to him. All the property of the debtor is liable for the payment of his debts.

The fact that a partial payment has been made on a judgment, which has not been credited on the *fi. fa.*, will not authorize an injunction for the entire amount of the execution.

Where no answer has been filed by an appellee, an application to amend the judgment in his favor by allowing him higher damages on the dissolution of an injunction, will not be considered.

APPEAL from the District Court of Madison, *Selby*, J. *Bemiss*, for the appellants. *Thomas* and *Amonett*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. *Hynes* obtained a judgment against the present plaintiffs for a sum of money, with a recognition of his rights as mortgagee of a tract of land. See 2d Ann. 365. An execution was issued and levied upon other land. *Cobb* and wife then obtained an injunction, alleging in their petition two grounds for relief: *first*, that the mortgaged property was alone liable for the payment of the judgment, and that it could not be enforced against other property; *secondly*, that a payment had been made upon the judgment, which had not been credited. The first ground was properly disregarded by the district judge. All the property of a debtor is liable for the payment of his debts. Upon the second ground the court relieved the parties, the payment being proved. The facts of a partial payment was not a justification for enjoining the entire judgment, and damages were, therefore, properly allowed as to the unsatisfied portion of the debt.

In the brief presented by the appellee he asserts his right to higher damages than were assessed by the district judge; but as no answer to the appeal was filed praying for such relief, the application cannot be considered.

*Judgment affirmed.*