## No. 2.

S. M. Stinson, Guardian, et al. vs. Benjamin F. O'Neal.

### On Motion to Dismiss.

The right to appeal is as much affected by a partial execution of the judgment appealed from, as it is by a full and complete acquiescence in it.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Turner*, J.

---

J. L. Hargrove for Plaintiff and Appellant:
Plaintiff has not acquiesced in the judgment; his acts were conservatory only.

J. A. Snider for Defendant and Appellee.

---

The opinion of the Court was delivered by

Poché, J. This is an action to annul a tax-sale of certain landed property, alleged to belong to the minor children of the late James N. Cooper, residing in the State of Texas with their mother, Susan M. Stinson, who has been appointed as their guardian, under the laws of Texas, and who, joined by her second husband, brings this suit in behalf of said minors, for the nullity of the tax-sale of their property in the parish of Bossier, which had been adjudicated to defendant; they also

sue for the fruits of the same during defendant's possession, and for damages caused to them by his illegal possession and use of their property. Defendant answered, urging the legality of his purchase, and the validity of his title to the lands in suit, and prayed in the alternative for the value of the improvements placed by him on the lands.

He subsequently abandoned all claims of title or ownership to the land, and the issue was thus narrowed down to the question of the fruits and revenues of the property, and of the damages claimed by plaintiff on the one hand, and of the compensation for useful improvements made on the property, urged by defendant on the other hand. The judgment of the lower court annulled the tax-sale, decreed the property to the minors Cooper, allowed them rent for the years 1877 and 1878, at one hundred dollars each year, and that of 1879 when due, which was one hundred and twenty-five dollars. The district judge allowed defendant for his improvements two hundred and forty-five dollars, and an additional sum of thirty-three dollars and twenty cents for taxes paid by him on the property.

Plaintiffs took an appeal from this judgment, and defendant moved to dismiss the appeal on the ground that plaintiffs had acquiesced in the judgment appealed from, by voluntarily executing the same.

The case having come up before our immediate predecessors, it was remanded by them to the lower court, for the purpose of taking testimony on and of trying the issue raised in the motion to dismiss the appeal, on the ground of plaintiffs' acquiescence in the judgment appealed from.

The evidence taken, and the finding of the court *a qua* on this issue are now before us for our consideration.

The principle which debars from the right of prosecuting an appeal a party who voluntarily executes even partially a judgment rendered for or against him, is incorporated in our Code of Practice, and has received the interpretation and sanction of our courts in numerous decisions.

The only question with which we have to deal in the present instance, is the interpretation of the acts of plaintiffs touching or affecting the judgment rendered in their favor, and from which they had appealed.

The evidence shows that the judgment was rendered on October 3d, 1879, that the appeal was perfected on November 6th, 1879, and that on the 26th of December, of the same year, plaintiffs filed a suit against one of the defendant's tenants, for the rent of that year, and Fettedman, their attorney-in-fact, admits that he realized in that suit one hundred and fifty dollars, and that he rested his action on the rights conferred on him by the judgment of October 3d, 1879. He further admits that he

*Stinson vs. O'Neal.*

rented the identical lands in controversy for the present year, 1880.

In our opinion, these acts constitute an acquiescence in the judgment appealed from, and should debar appellants from further prosecuting their present appeal. Previous to the judgment appealed from, the lands were in the possession and control of the defendant, O'Neal, under his purchase, and before the judgment was rendered, plaintiffs could exercise no acts of ownership on or touching the property in litigation· The very tenant whom they sued for rent had been placed on the premises by and under a contract with the defendant, and by suing him for rent plaintiffs judicially claimed and exercised the rights and advantages conferred upon them by this very judgment, and from no other source. They received rent-money, which was not theirs, without the effect of the judgment complained of by them ; and the Court cannot tolerate their pretensions to reap the benefits of the judgment in its favorable features, and to ask in the same breath the reversal of the same judgment in other respects, when unfavorable to them. The right to appeal is as much affected by a partial execution of the judgment, as it would be by a full and complete execution of the decree in all its parts. 3 A., 115.

We cannot admit the distinction invoked by plaintiffs' counsel in his attempt to show that the acts of plaintiffs were merely conservatory proceedings, to save such money which was in danger of loss, and to prevent depredations on the property in contestation. We consider these acts as acts of ownership coupled with possession, which both sprung exclusively from the judgment appealed from, and operate an unmistakable acquiescence.

It is therefore ordered, adjudged, and decreed that plaintiffs' appeal be dismissed at their costs.