On Motion to Dismiss Appeal.
The opinion of the court was delivered by
Miller, J.
Under the will of the deceased, there was, after some special legacies, the usufruct of a sum of money to Mrs. Siegel, at her death to accrue to her children, who were constituted her uni - versal legatees. The executors filed an account which was opposed by Mrs. Siegel individually, and as tutrix of one of the children, and by the children of age as universal legatees. The opposition claimed the executors were liable for a large amount for loss alleged to have arisen from their administration, and opposed a number of items of the liabilities placed on the account. The judgment sought by the opposition was that the executors be decreed liable for the alleged loss, that the items opposed be stricken from the tableau, and that they be ordered to pay the money the usufruct of Mrs. Siegel. From the judgment amending the account in some respects in favor of Mrs. Siegel for the money constituting her usufruct and awarding the residue to the universal legatees, the executors appealed. Soon after their appeal they paid the money to Mrs. Siegel, taking her receipt, concurred in by her children, who waived any security from her usufructuary. Subsequently the universal legatees apprehen *975 sive the executors would abandon their appeal, obtained an order as appellees to bring up the record with a view of answering the appeal and they have filed the record. They also obtained an appeal, and hence are here as appellees and appellants. They are met in this court with a motion to dismiss, based on the payment of the money given in usufruct by the will to Mrs. Siegel, and awarded by the judgment of the lower court. The receiving of this money, it is claimed by the executors, is acquiescence by the universal legatees in the judgment of the lower court on their opposition, and, therefore, a bar to their appeal.
Acquiescence in a judgment precludes any appeal, and it will make no difference that it is acquiescence iü part only of the judgment. C. P. Art. 567. But this rule applies to the judgment on the demand, the subject of the settlement or other form of acquiescence. If the demands passed on by the judgment are distinct, it is not easy to see that a settlement tendered and accepted as to the one, can be deemed acquiescence in the judgment rejecting other demands, not at all connected with that settled or abandoned. Whenever the subjects of the judgment are distinct, it seems to us the adjustment and withdrawal of one of the demands will not prejudice the appeal as to the other subjects of controversy. In this case the executors, after their appeal, paid from the succession funds the usufruct legacy to Mrs. Siegel. The universal legatees joined in the receipt for the reason, as we infer, to waive any right that the executors might have to require security from the usufructuary. This settlement undoubtedly put an end to the appeal of the executors so far as the judgment directed that payment. It was the voluntary execution of the judgment by them. It was the acceptance of the money Mrs. Siegel claimed in the opposition. But the demands of the. universal legatees against the executors that they should be charged with the losses on the succession property, and that certain items should be stricken from the account, were not at all connected with the demand of the usufructuary. On the appeal of the universal legatees, they had the right to be heard on their demands. They had fortified that right by their own appeal. Code of Practice, Arts. 688, 589, 590. There was in our view no acquiescence to bar the right of the legatees, growing out of these appeals. Their assent to the payment of the money due to their mother, not contested, and whether contested or not, is immaterial, *976 was not acquiescence in the judgments on the other and different demands of the universal legatees. Liles vs. The New Orleans Canal and Banking Company, 6 Rob. 273; Clements vs. Cassily, 3 An. 358; Mitchell vs. Lay, 3 An. 593; Dwight vs. Brashear, 12 An. 860; Flowers vs. Hughes, 46 An. 439.
The motion to dismiss is therefore denied.