The opinion of the court was delivered by
Miller, J.
The appeal is by creditors of this corporation from the *999 judgment of the District Court dismissing their rule to set aside the appointment of the liquidators of the corporation.
The appellees, judgment creditors of the corporation, issued garnishment process and caused interrogatories to be served on the debtors of the corporation. The liquidators appeared in the United .States Circuit Court, in which the appellees obtained their judgment, ■and moved to dissolve the seizures on the ground that the liquidation was in the District Court, and no seizure could be maintained under the process of the Circuit Court. The seizing creditors attacked the appointment of the liquidators, and the Circuit Court, appreciating the comity between courts, declined to pass on the question as to the appointment of the liquidators, referred the issue to the District Court, in the i meantime staying the decision on the creditors’ right to attach the corporate assets. Thereupon the creditors proceeded by rule in the District Court to have the order for the appointment of the liquidators revoked. From the judgment dismissing the rule there was a previous appeal, on which we remanded the case (Rougé vs. Lafargue Bros., 47 An. 1646), and the plaintiffs in rule now appeal from the judgment of the District Court again maintaining the appointment.
The appointment of the liquidators in this case was made on the petition of a creditor containing the allegations he deemed material to authorize the relief. The corporation was cited and answered, accompanying the answer with the resolutions of the shareholders’ meeting, reciting the pecuniary embarrassment and inability of the ■corporation to continue its business for want of means and credit; that its debts were due, unpaid suits threatened, one already brought —i. e., that of the appellants in the United States Circuit Court, another for the appointment of a receiver, and the resolutions declaring the necessity for a liquidation stated the selection by the meeting of the liquidators, the appellees, and recommended their .appointment by the court as receivers and liquidators. Their .appointment by the court followed in December, 1893, they qualified, entered on their duties, have realized and distributed to creditors a large amount of proceeds, and it is stated in the briefs the liquidation is about ended. The appellants in this case begun their garnishment proceedings in the Circuit Court in March, 1894, and they attacked the appointment of the liquidators in April. After making this attack, the record shows that the appellants have received from .the liquidators five successive payments on their debt.
*1000 The rule to set aside the appointment of the liquidators alleges the insufficiency of the notice of the meeting of creditors, at which the liquidators were selected; that only three thousand and sixty-nine of four thousand two hundred and eighty-seven of the total shares were represented at the meeting; that the charter providing for commissioners in case of the dissolution and the corporation not being dissolved, there was no power in the meeting to elect liquidators; the further allegations are made that the assets of the corporation were not abandoned; that its officers were in the exercise of their functions, and the court had no jurisdiction to make the appointment. The answer to the rule maintains the jurisdiction of the court to appoint, avers that the appointment was made contradictorily with the corporation in the suit brought by the creditors, after citation, answer and hearing; that the basis for the appointment existed, and that the entire proceeding was in accordance with the method sanctioned by the decisions of this court, in which connection reference is made to the Louisiana Savings Bank Case, 35 An. 196, and, in addition, the answer avers that the appellants, having received five successive payments from the liquidators, are now estopped from disputing their appointment.
There has been an'elaborate argument in this court as to the jurisdiction of our courts to appoint receivers for insolvent corporations. It is claimed by appellants that the bank case (Louisiana Savings Bank, 35 An. 196), in which the appointment of liquidating commissioners was sanctioned, differed from this, because the act creating the bank provided for the election of liquidators. Still, the act did not increase in any manner the power of the court, and as all know the statutory • basis for the jurisdiction exerted by our courts, in appointing receivers, is very narrow. In answer to the objection of the insufficiency of the notice of the meeting at which the liquidators were selected, and the other objection as to the votes cast, it is urged that notices concern shareholders, not creditors, that the meeting waived the fuller notice fixed by the charter, and no shareholder complains of the administration of the liquidators now, after three years about ended. The appellees insist, in argument, that the suit, the citation, the hearing and showing, all furnished the basis for the appointment within the jurisdictional power of the court, and insists on the estoppel of payments received by the appellants from the liquidators, whose appointment the appellants seek to assail.
*1001 We do not think we are at liberty in this case to review the’ grounds on which the District Court made the appointment of the liquidators. That our courts have the jurisdiction to make such appointments, if the proper basis exists, must be conceded. Stark vs. Burke, Watt & Co., 5 An. 740. Can we set aside this appointment on the application of the appellants? They stand here challenging the jurisdiction of the lower court to appoint the liquidators with the record before us, that, beginning in 1894 down to 1896, they have received payments from the liquidators, under their accounts filed by them as officers of the court. It is true that the attack on their appointment preceded the payments. The appellants had their choice of whatever rights their attachment in the Circuit Court conferred and to their proceeding to set aside the appointment of liquidators or, with all other eredtors, take the dividends accruing from the administration of the liquidators. The appellants insist they were not obliged to make this choice, but they could participate with the other creditors in the dividends available by the administration of the liquidators, and then call on this court to declare illegal the appointment and the administration based on it. It seems to us the appellants are bound by the appointment they recognized, and by the administration in the advantages of which they have shared. It is quite true the appellants, in receiving their payments, reserved the right to set aside the appointment, but, in our view, no such reservation can alter the opposition of a litigant before the courts, so as to entitle him to claim relief against an appointment by the court when the record shows his recognition of the appointment and participation in its fruits. No reservation is effective to do away with the legal consequence the law attaches to an act. Succession of J. Y. de Egana, 18 An. 59. We think the estoppel urged by defendants in rule must be maintained.
Controlled as we think the decision is by the estoppel, we express no opinion on the questions as to the legality of the appointment, or as to the basis on which the court made the appointment.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with cost.
Nicholls, C. J., dissents.