'The opinion of the court was delivered by
Nicholls, C. J.
The decree from which the present appeal is taken •directed that E. 0. Drew be incarcerated in the parish jail for a period ■of ten days, or until he comply with.the judgment of the court. It was rendered on a rule taken on him to show cause why he should not be punished for contempt of court in not executing the judgment which had ordered him to make a cession of his property within a specified delay.
*1647 In his answer to this rule Drew sought to excuse his non-execution of the judgment by claiming that had he done so without a direct, peremptory order so to do from the court, of a date later than that of the judgment, his action might have been construed as a voluntary acquiescence in the judgment, andmighthave cut him off from the appeal which he had taken from the judgment, which had-rejected his demand for a respite and ordered him to make a surrender.
The court overruled this objection, and entered the peremptory order for the execution of the judgment, which he had deemed necessary to have interposed as a safeguard for the prosecution of the appeal which he had taken. This decree having been made, Drew surrendered his property as ordered, though he declared in so doing that this was “ under protest and without acquiescing in the judgment or abandoning his appeal.”
The apprehension he was under that, in consequence of the execution'of the judgment prior to his appeal having been taken up and disposed of, the latter might be dismissed, was groundle s, as in due course the appeal was taken up and a final judgment rendered, affirming the judgment in so far as it rejected the application for a respite; but reversed it in so far as it ordered the applicant to make a surrender of his property.
The effect of the compliance by Drew with the orders of the court, whether done voluntarily or as the result of legal coercion, was to do away entirely and forever with the imprisonment which had been decreed on the trial of the mle for contempt of court. When the present appeal reaches us we find that the decree now appealed from has ceased to exist, and that this court has by its own judgment rendered in the main case (of which the order appealed from was a mere incident) already decided that that judgment was erroneous in so far as it ordered a cessio bonorwm to be made. In addition to this we find that the judgment of court ordering the surrender of property has in the meantime been executed in the lower court, on the ground that the appeal taken therefrom was not a suspensive, but a devolutive appeal. What precise, advantage appellant would, under the circumstances, expect to derive through this appeal, even if it were maintained, we do not see. We could not deal with the original judgment on this appeal, and besides our own judgment thereon, in so far as it annulled the *1648 same, has already furnished appellant with a basis for the protection or enforcement of his rights, if any such he has, resulting from the fact that there was error in such judgment as declared by us.
The reasons set up by appellant in his answer to the rule were raised to ward off possible punishment under that proceeding as incidental to the question of contempt. That issue and question having been entirely disposed of, we have not been advised of any substantive issues remaining to be passed on as matters for separate, independent adjudication. Succession of Rose, 48 An. 423; Gathe vs. Broussard & Hiriat, 49 An. 313.
The order appealed from was an incidental order of the District Court, made in execution of a previous judgment of that court. We have held a -number of times that, as a general rule, decrees of that character are not appealable. See Boutte vs. Executors of Boutte, 30 An. 180; State ex rel. Elder vs. Judge of the Third District Court, 30 An. 229; State ex rel. Remington Paper Co. vs. Ellis, Judge, 45 An. 1418; Murphy vs. Murphy, 45 An. 1484; Durward vs. Jewett, 46 An. 707; Succession of Bey, 47 An. 219; Wiley vs. Woodman, 19 An. 210; State vs. Judge of the Second District Court, 9 An. 302; Boyer vs. Sheriff, 46 An. 769.
We think this ease falls under the application of the general rule. We note the reason assigned by appellant in his answer to the rule for contempt that the bond furnished by him for costs carried with it as a consequence [by reason of the character of the judgment appealed from] a stay of execution of the judgment, and that, therefore, he was not called on to execute the judgment until after the appeal taken had been passed upon by the Supreme Court. The judgment appealed from covered two matters — it rejected Drew’s application for a respite and thereby set aside the stay of proceedings which had been granted at the beginning of the proceedings and it ordered a cession of property to be made within ten days. He appealed from it in its entirety. The court granted him at his choice either a suspensive or a devolutive appeal — a suspensive appeal on his furnishing bond in five thousand or a devolutive appeal on his furnishing bond for five hundred dollars. The latter bond was furnished. When called into court to show cause why he should not be punished for contempt, he assigned as a reason justifying his non-action that execution of the judgment was stayed by his appeal on a bond for five hundred dollars. This was substantially an exception to *1649 the jurisdiction of the District Oourt, a claim that the whole matter had been transferred for determination to the Supreme Oourt and a contention that the lower court was without power or authority to have the judgment executed pending the appeal. By this exception he had placed himself in a position, in the event of an adverse ruling, to test the character of the appeal and the legal situation or parties, through a writ of prohibition asked for from this court and directed against the District Judge. That was his proper remedy in the premises.
Instead of pursuing that course he at his own instance obtained a devolutive appeal from the decree for contempt and executed the orders of the court. We are advised by appellant’s own brief that the cession ordered has been made. To what extent it has proceeded we do not know, though appellees inform us that on one branch of the ease matters have gone so far as to have reached a vote on the question as to whether appellant should be discharged from all his debts, and that this question had been by a few votes decided adversely to the discharge. It is quite possible and probable that third parties have acquired rights based upon the execution of the judgment. Appellant can not be allowed to substitute a devolutive appeal from an executed judgment for a prohibition or certiorari. We have not so far directed our attention to the specific motion for dismissal filed by the appellees. We now do so.
It is no ground for dismissal that the papers referred to were not copied in the transcript. As they consisted of proceedings which took place in the lower court at a date later than that of the judgment appealed from, they were properly omitted from the record. If legally demandable by either party for special reasons assigned, the party entitled thereto could have them produced by proper proceedings.
Appellant contends that those papers not forming part of the transcript, there is no evidence before us of the facts on which ap-pellees base their claim of acquiescence by him in the judgment, and that we, under no contingency, could do more than remand the case. When it is claimed by an appellee that the appellant has, after having taken his appeal, forfeited the same by voluntary execution of the. judgment, it is for this court to pass upon that question. Ordinarily, its determination is dependent upon matters en pais as to which oral testimony has to be taken. Under such circumstances *1650 our practice has been to remand the case to the lower court, to have such testimony taken before it contradictorily between the parties, with directions to forward the same to this court for its consideration and action. When the evidence of the execution rests not upon matters in pais but upon pleadings filed in the lower court by the appellant himself after he had taken his appeal, provable by duly certified copy of the same from the clerk of court, it would be a useless proceeding to remand the cause in order to have this copy embodied into the transcript. Under such circumstances, we think, the course pursued here by the appellees of annexing such certified copy to the motion to dismiss sufficient. If there should be in any special case reasons which would make this particular course prejudicial to the appellant the court would see, of course, on assignment of such, that he was not injured and would depart from it.
Coming to the facts urged by appellees for dismissal we are of opinion, that appellant, by the allegations contained in his pleadings accompanying his final schedules and by his prayer therein asking affirmative relief, has taken his case outside and beyond the doctrine of the decisions in Factors and Traders’ Insurance Co. vs. New Harbor Protection Co., 37 An. 233, and Cuny vs. Dudley, 6 Rob. 77. Appellant obviously contemplated that the cession he was then making should stand and be continued to the end independently of whether it was improperly or illegally called for by order of court or not. It is true that appellant stated he made the cession “ under protest,” but none the less he affirmatively prayed that his eessio bonorum be accepted and that after legal delays and formalities he be fully discharged.” This protest was clearly made to guard against a possible motion which might be made to dismiss the appeal from the main judgment, which appeal was then pending. That object was fully accomplished, as the appeal was entertained and passed upon. We think the maxim “ Protestatio aotio contraria non prodest” controls this case. We think the appeal should be and it is hereby dismissed.