(60 South. 622.)

No. 19,250.

JOLLEY v. VIVIAN OIL CO.

(Dec. 16, 1912. Rehearing Denied Jan. 20, 1913.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 781*)—DISMISSAL—GROUNDS—ACQUIESCENCE IN JUDGMENT.

Acquiescence in any part of an indivisible judgment has the effect of destroying the appeal from such judgment, and it will not avail the one so acquiescing to say that he acquiesces with the right to continue his appeal. The law attaches certain consequences to acquiescence, and no reservation can be effective in destroying such consequences, particularly where the reservation is attempted to be made with one who has no authority in the premises.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. § 781.*]

Appeal from First Judicial District Court, Parish of Caddo; E. W. Sutherlin, Judge.

Action by J. S. Jolley against the Vivian Oil Company. From the judgment, plaintiff appeals. Dismissed.

Alexander & Wilkinson and Hall & Jack, all of Shreveport, for appellant. Thigpen & Herold, of Shreveport, for appellee.

BREAUX, C. J. Plaintiff brought this suit to have an oil and gas lease annulled as well as an option included in and forming part of the lease. The premises leased are fully described in plaintiff's petition; also, the area of the land.

On Motion to Dismiss the Appeal.

The grounds of the motion are that, since the appeal has been taken and filed in this court, the appellant has made three different payments; the first, on the 22d of April, 1912, to wit, $200, in satisfaction of all amounts due up to May 1, 1913, being royalty on well 15 of the land leased. The second for a similar amount, paid all due to July 4, 1913, for royalty earned on oil well 1. The third payment, for another like amount, was in full satisfaction of all claims for royalty on well 2, to the 9th day of November, 1913. The original receipts are filed with the motion.

In answer to this motion, plaintiff's counsel admits that he received these amounts in payment on the condition hereafter stated.

To avoid the necessity of remanding the case, respective counsel, in substance, agree that the attorney, who is one of counsel on this appeal, by whom the payments before mentioned were received, remitted the sums received to his client. It is further admitted that at each payment the attorney for plaintiff said to the one by whom the payment was made for and in the name of the defendant company that he did not intend, by receiving these amounts, to acquiesce in the judgment of the district court; that

these payments were received with full reservation of his right to prosecute the appeal. The further admission is made that the agent of the defendant by whom the payments were made said to the attorney for plaintiff that he was not authorized to grant, and could not grant, any reservation whatever; that his instructions were to pay plaintiff these royalties in advance; that was all he was authorized to do.

The act of appellant in paying rent was acquiesced in when considered in the light of the following decision: De Egana Case, 18 La. Ann. 59, in which the court held that one who executes partially a judgment against him must be held to have acquiesced and cannot be heard on appeal over objection. Code of Practice, 567; Williams v. Duer, 14 La. 523; State v. Judge, 4 Rob. 85; Campbell v. Orillion, 3 La. Ann. 115; Fluhart v. Golding, 7 La. Ann. 233; Landry v. Connely, 4 Rob. 127.

Flowers v. Hughes, 46 La. Ann. 439, 15 South. 14, is directly in point. The court held that payment in part is a full acquiescence and fatal to the appeal, citing Campbell v. Orillion, 3 La. Ann. 115; Cobb v. Hynes, 4 La. Ann. 150; Fluhart v. Golding, 7 La. Ann. 233; Succession of De Egana, 18 La. Ann. 64; Stinson v. O'Neal, 32 La. Ann. 947.

There was an indivisible judgment in favor of the defendant. He received a part of the judgment, and the court held that he was concluded. The appeal was dismissed. 46 La. Ann. 439, 15 South. 14.

Succession of Kaiser, 48 La. Ann. 973, 20 South. 184, reaffirmed Flowers v. Hughes, 46 La. Ann. 439, 15 South. 14. This also was a case in which the appellant had received part of the judgment. The appellant in the Kaiser Case sued as usufructuary and as universal legatee. She accepted the money allowed her as usufructuary but continued her appeal from the judgment relating to her rights as a legatee. The court held that the judgment was indivisible and acceptance a complete acquiescence as to the whole claim. Rouge v. Lafargue Bros. Co., 49 La. Ann. 1001, 22 South. 190.

The court said that the appellants in receiving payments reserved the right to set aside the appointment of liquidators, but in our view no such reservation can alter the position of "litigant before the court so as to entitle him to claim relief against the appointment by the court when the record shows his recognition of the appointment and a participation in the fruits."

No reservation is effective to do away with the legal consequences the law attaches to the act.

In the present appeal, the judgment also is indivisible, and the attack made by the appellant in the district court presents a common issue. In paying the rent, the appellant estopped himself, as the appellant was estopped in the Succession of De Egana, cited above.

The appeal is therefore dismissed.