(67· South. 520)

No. 20189.

## HILL v. CAZE.

(Jan. 25, 1915. Rehearing Denied Feb. 23, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ⊜⇒162—DISMISSAL—AC-QUIESCENCE IN JUDGMENT—HUSBAND AND WIFE.

Where the defendant appealed from a judgment decreeing a separation from bed and board, and ordering the sale of the community property for the purposes of effecting a partition between the parties, and the defendant, during its pendency, accepted her share of the proceeds of the sale of the community property, *held,* that she had acquiesced in the judgment, and her appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 179, 981, 982, 984–990; Dec. Dig. ⊜⇒162.]

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Charles T. Wortham, Judge.

Action by James Hill, husband, against Mrs. Marie Caze, wife. From judgment for plaintiff, defendant appeals. Appeal dismissed.

Prentice E. Edrington, Jr., of New Orleans, for appellant. Guion, Lambremont & Hebert, of Lutcher, for appellee.

## On Motion to Dismiss.

LAND, J. In this cause judgment was rendered in favor of the plaintiff decreeing a separation from bed and board, and a dissolution of the community theretofore existing between the parties, and a partition of the community property by licitation. The defendant was granted a devolutive appeal from the judgment.

The plaintiff has moved to dismiss the appeal on the ground that since the rendition of the judgment the defendant has acquiesced therein by voluntarily participating in a complete settlement of the community under the terms of the judgment, as shown by copy of notarial act annexed to the motion. The recitals of this act show that the community property was sold for cash for the purposes of effecting a partition; that the notary to whom the parties had been referred drew up a project of partition showing the amount accruing to each party; that, on objection being made by the attorney of defendant, the proceedings were suspended subject to the further action of the court; but that later the parties themselves signed an instrument as follows, to wit:

"The parties hereto agree to accept in full settlement of their respective right in and to the above partition the amounts following:

To James Hill...: ............... $266.07
To Mrs. James Hill............. 279.08

—and hereby declare themselves satisfied herewith and acknowledge receipts of said amounts this day paid."

The party against whom judgment has been rendered cannot appeal, "if he have acquiesced in the same, by executing it voluntarily." Code Practice, art. 567. In several cases it has been held that there is acquiescence where the judgment is partially executed.

In Williams v. Duer, 14 La. 523, the plaintiff partially executed the judgment by furnishing a bond of indemnity. The court held that he had acquiesced in the judgment as a whole. See to same effect Williams v. Bank of Louisiana, 7 Rob. 320, and Cobb v. Parham, 4 La. Ann. 150. In Succession of De Egana, 18 La. Ann. 59, the court said:

"It cannot be controverted that, under the laws and jurisprudence of this state, the party who voluntarily executes, either partially or in toto, a judgment rendered for or against him, or who voluntarily acquiesces in or ratifies either partially or in toto, the execution of that judgment, is not permitted to appeal from it"— citing authorities supra and others.

In Flowers v. Hughes, 46 La. Ann. 436, 15 South. 14, the court held that the receipt by the appellant of a portion of his share in, a partition was fatal to his pending appeal from the decree of partition, although in receiving the money he reserved his right of appeal.

There can be no doubt that the defendant acquiesced in that part of the decree dissolving the community and ordering a partition of all of its property.

Having acquiesced in a portion of the judgment, the defendant lost her right of appeal from the judgment as a whole.

The argument that these are two separate decrees or judgments is without force.

"Separation from bed and board carries with it separation of goods and effects." Civil Code, art. 155.

Hence the dissolution of the community and the partition of its effects are mere legal consequences of the separation a mensa et thoro. There was but one cause of action—that is, the demand for a separation—and the other relief was incidental to the main demand. In accepting her share in the partition the appellant availed herself of the benefit of the decree of separation, without which there could have been no partition.

We therefore think that the motion to dismiss should be sustained.

Appeal dismissed.