HORTMAN-SALMEN CO., INC., v.
NAQUIN ET AL.

———

(November 18, 1929. Opinion and Decree.)

———

Edrington & Carmouch, of New Orleans, attorneys for plaintiff, appellee.

John B. Fisher, of New Orleans, attorney for defendants, appellants.

## ON MOTION TO DISMISS

WESTERFIELD, J. Appellant filed the following motion and order for a suspensive appeal which was granted, and in due course the appeal was lodged in this court:

"On motion John B. Fisher, Attorney for Felix Famularo, one of the defendants herein, and on suggestion to the Court, that mover is aggrieved by the judgment, herein rendered on the 21st, day of January, 1929 and signed on the 25th day of January, 1929, in favor of plaintiff, Hortman-Salmen Company, inc., and against this mover in the sum of Eleven Hundred fifty dollars and thirty seven cents with interest.

"That mover feels that the said judgment ought to have been subject to a credit of seven hundred dollars.

"That the said judgment is contrary to the law and the evidence and that mover desires to appeal suspensively therefrom to the Court of Appeal for the Parish of Orleans.

"It is ordered that a suspensive appeal be granted to the said defendant, Felix Famularo, returnable to the Court of Appeal, Parish of Orleans on the 28th day of February, 1929, upon mover furnishing bond with good and solvent security according to law."

Appellee moves to dismiss the appeal on the ground that there has been an acquiescence in the judgment, citing Raines, et al. vs. Dunson et al., 143 La. Rep. 321, 78 So. 574.

The acquiescence is alleged to have resulted from the language used by the appellant in his motion for the appeal, to the effect "that the said judgment ought to have been subject to a credit of $700." In other words, it is argued that the judgment which was for $1148.87, was indivisible and that in asking only for a credit of $700, there is necessarily involved an admission that the judgment is correct.

We cannot follow counsel in his argument, as it seems to us in seeking a modification of the judgment to the extent of $700, defendant not only did not acquiesce in the judgment, but complained of it. It is not pretended that any part of the judgment has been paid by appellant.

"It is essential to an acquiescence in a judgment that will take away the right of appeal, that there must be an unconditional, voluntary, and absolute acquiescence by appellant, and he must have intended to acquiesce and abandon his right of appeal." Saunders vs. Busch-Everett Co., 138 La. 1049, 71 So. 153.

Louisiana Digest, Volume 1, Verbo "Appeal," page 352.

The case relied on by appellee in his motion to dismiss is not in point.

For the reasons assigned the motion to dismiss the appeal is denied.