On Motion to Dismiss.
 

 BRUNOT, J.
 

 The plaintiffs were the holders and owners, for value, of nine mortgage notes for the sum of $580 each, which notes were signed by Ophelia Thibeaux and indorsed by Emma Broussard. Emma Brous-sard died in 1926. Her succession was opened, and Oneida Le Blanc and H. P. Mel-aneon were appointed and confirmed coad-ministrators of the estate. Seven of the notes being past due and demand for payment having been made in vain, plaintiffs brought suit against Ophelia Thibeaux and the coadmin-istrators of the estate of Emma Broussard, and prayed for judgment against said defendants in solido for the sum of the notes, with S per cent, per annum interest thereon from January 2, 1926, and 10 per cent, additional on the aggregate sum of the principal of said notes and the interest due thereon as attorneys’ fees.
 

 Issue was joined by the filing of an answer and supplemental answer, the case was tried, and judgment was rendered in favor of the plaintiffs and against Ophelia Thibeaux and the estate of Emma Broussard in solido for $4,060, with 8 per cent, per annum interest thereon from January 2,1926, until paid and 10 per cent, additional on the aggregate of said sum and interest, as attorneys’ fees, and for costs of the suit, with recognition of plaintiffs’ mortgage and Vendor’s lien on the property described in the judgment. The co-administrators devolutively appealed from the judgment. The order of appeal was granted February 20, 1929, and the appeal bond was signed April 6, 1929. On February 7, 1929, thirteen days before the order of appeal was applied for, and nearly two months before the appeal was perfected, the court, on the application of the plaintiffs in this suit, ordered the eoadministrators of the estate of Emma Broussard, deceased, to show cause why they should not file an account of their administration and a tableau of the debts due by the estate, the funds in their possession, and the distribution of said funds. This rule was heard and made absolute on April 3, 1929, three days before the appeal was perfected. On April 12, 1929, the eoadministra-tors of the estate filed an account of their administration in obedience to the judgment of the court rendered on April 3, 1929. The account lists total assets amounting to $5,093.-61, total privilege claims amounting to $1,-679.03, and ordinary claims amounting to $5,-762.29. The recapitulation is as follows:
 

 Gross assets .$5,093 61
 

 Amount of privilege claims. 1,679 03 Balance to be applied to ordinary creditors .$3,414 58
 

 A. C. Derouen .592% of $139'.79. $ 81 48
 

 'Latreille Estate, Inc., et al., .592% of $5,-626 50 . 3,333 12
 

 Total paid ordinary creditors. $3,414 58
 

 We quote from the petition presenting the account of the coadministrators the following averment and prayer:
 

 “That as per judgment of court rendered herein they herewith file an account showing assets belonging to decedent’s estate and all debts due by decedent, as is fully set forth and itemized in the tableau of distribution hereto attached and made part hereof.
 

 “Wherefore, premises considered, petitioners pray that said account be advertised and published according to law, and after due
 
 *783
 
 publication it be approved and homologated and the funds be distributed accordingly.”
 

 Tbe petition was properly verified, the account was advertised according to law, and, on evidence adduced by the eoadministrators, the account was duly homologated, and the judgment ordered the funds of the estate distributed in accordance therewith.
 

 There was no opposition to the account, and no appeal was taken from the judgment homologating it, but the eoadministrators neglected to pay the plaintiffs the sum listed on the tableau as due them, whereupon plaintiffs ruled them into court to show cause why they should not be ordered to make said payment. As cause for their failure to make the payment, they aver, in their answer to the rule, that all funds in their hands belonging to the estate had been deposited in the registry of the court, by order of the court, in the suit of Latreille Estate, Inc., et al. v. Ophelia Thibeaux et al. The rule was heard and was made absolute, and the clerk of court was ordered to deliver to the “coad-ministrators the certificate of deposit mentioned in the note of evidence and introduced in evidence on the trial of said rule, to the end that said eoadministrators may collect' same and enable them to make the distribution.”
 

 This was done, and the eoadministrators paid over to plaintiffs $3,333.12. Appellee contends that this was an acquiescence in the judgment, in their favor and against Ophelia Thibeaux and the succession of Emma Brous-sard, from which the eoadministrators are prosecuting this appeal, and they base their motion tio dismiss upon that acquiescence. Appellants contend that, as eoadministrators, they are officers of the court, and that all of their acts in the premises were done in obedience to the orders of the court.
 

 It is true that, on the application of plaintiffs, the eoadministrators were ordered by the court to file an account of their administration, but the listing of the plaintiffs on the account as creditors of the estate, the verification,- by them, of the petition presenting the account, their testimony in support of its correctness, and their obtention of the judgment homologating the account and ordering the funds of the estate distributed in accordance therewith, were their voluntary acts. It. is true that they did not pay the or- ’ dinary creditors of the estate the sums due them, but instead deposited those moneys in a local bank and deposited the bank’s certificate for that amount in the registry of the court. It became necessary for plaintiffs .to obtain an order of court requiring the clerk of court to return the said certificate to the eoadministrators, and requiring them to withdraw the crash represented by the certificate from the bank and to pay it out to the ordinary creditors. This latter proceeding did not affect the status existing when plaintiffs resorted to it for the purpose of enforcing compliance with the judgment homologating the account and ordering the distribution of the funds of the estate in accordance therewith. Appellants’ pleadings and testimony furnish no reasonable basis for holding that they have not voluntarily acquiesced in the judgment appealed from.
 

 The appeal should be dismissed. Code Prac. art. 567; Drew v. His Creditors, 49 La. Ann. 1641, 22 So. 956; Sims v. Jeter, 129 La. 262, 55 So. 877; Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153; Jolley v. Vivian Oil Co., 131 La. 937, 60 So. 622; Raines v. Dunson, 143 La. 321, 78 So. 574.
 

 Some of the facts we have stated are found in the transcript, but many of them are presented in copies of the original record,
 
 *785
 
 which are properly certified hy the clerk of the court, and are attached to and made part of appellees’ motion to dismiss.
 

 Ordinarily, when the facts upon which the motion to dismiss are based are not in the transcript, the case is remanded, in order that they may be properly presented; but where, as in this case, the facts are merely a statement of pleadings filed by the appellants in the lower court, provable by copies thereof properly certified by the clerk of the court, and are annexed to the motion to dismiss, the motion will be passed upon on the face of the papers. Drew v. His Creditors, 49 La. Ann. 1641, 22 go. 956.
 

 Eor these reasons it is ordered and decreed that the appeal herein be, and it is hereby, dismissed, at appellants’ cost.
 

 O’NIELL, C. J., dissents on authority of Factors’ & Traders’ Ins. Co. v. New Habor P. Co., 37 La. Ann. 233, and Sims v. Jeter, 129 La. 263, 55 So. 877.