REX CREDIT CO., INC., v. EUMONT ET AL.

(March 7, 1932. Opinion and Decree.)
(April 4, 1932. Rehearing Refused.)

Arthur B. Leopold, of New Orleans, attorney for plaintiff, appellee.

J. A. Morales, of New Orleans, attorney for defendants, appellants.

ON MOTION TO DISMISS

PER CURIAM. We are asked to dismiss this appeal because of alleged acquiescence in the judgment appealed from.

Plaintiff, appellee, sought judgment against defendant, appellant, together with another defendant, who has not appealed, in the sum of $150, with interest and costs. Judgment was rendered for $139.61, with interest and costs.

After the judgment was rendered appellant paid to appellee, without reservation of any kind, the principal amount of the judgment, to-wit, $139.61, and it is this payment which is now pointed to as constituting acquiescence by appellant in the judgment.

Appellant contends that he has always admitted an indebtedness of $139.61, and that, since the only matter placed in controversy by the appeal was the question of

liability for interest and costs, no acquiescence in the judgment, as a whole, resulted from the payment of the sum which has always been admitted, and which he (appellant) has always been ready and willing to pay.

Appellant admits that at no time prior to the filing of suit did he tender to plaintiff the sum now admitted to be due, and he sought to overcome in the court below the effect of this failure by the contention that, since plaintiff was never willing to accept $139.61, he (defendant) was not required to make a useless tender of that sum.

Whether the judgment should have been for $139.61, without interest and costs, or whether those items were properly included, are the very questions which are presented by the appeal, and we cannot, on motion to dismiss, look into the correctness of the judgment appealed from.

That judgment is indivisible and, by payment of a part, without reservation as to his rights to continue his appeal on the other parts, it is very evident that appellant has acquiesced therein. Succession of DeEgana, 18 La. Ann. 59; Williams v. Duer, 14 La. 523; State v. Judge, 4 Rob. (La.) 85; Campbell v. Orillion, 3 La. Ann. 115; Fluhart v. Golding, 7 La. Ann. 233; Landry v. Connely, 4 Rob. (La.) 127; Rouge v. Lafargue Bros. Co., 49 La. Ann. 1001, 22 So. 190; Flowers v. Hughes, 46 La. Ann. 439, 15 So. 14; Stinson v. O'Neal, 32 La. Ann. 947; Cobb v. Hynes, 4 La. Ann. 150; Succession of Kaiser, 48 La. Ann. 973, 20 So. 184; Jolley v. Vivian Oil Co., 131 La. 937, 60 So. 622.

Since we believe that there has been acquiescence in the judgment, it is ordered, adjudged, and decreed that this appeal be, and it is, dismissed at the cost of appellant.