## PETRIE v. IMBRAGULIA.

### No. 16538.

Court of Appeal of Louisiana. Orleans.

Jan. 25, 1937.

R. A. Dowling, of New Orleans, for appellant.

Guy J. D'Antonio, of New Orleans, for appellee.

WESTERFIELD, Judge.

Plaintiff, Sam Petrie, brings this suit against Sam Imbragulia on an open account, claiming $156.95 for merchandise sold defendant between the dates of June 5, 1936, and June 15, 1936. In the alternative judgment was prayed for, for the same amount, against Marion Miorano.

The trial court rendered judgment as prayed for against Sam Imbragulia, who prosecuted a devolutive appeal to this court.

During the oral argument of the case, the statement was made by both counsel that pending this appeal Sam Imbragulia, against whom execution had issued on the judgment, had paid it in full. This circumstance is said by counsel for appellee to render all questions involved in this controversy moot. With this contention we cannot agree. An appellant who pays a judgment under execution, pending a hearing upon a devolutive appeal, cannot be said to acquiesce in the judgment. Johnson v. Clark, 29 La.Ann. 762; Drew v. Creditors, 49 La.Ann. 1641, 1646, 22 So. 956; Hinrichs v. New Orleans, 50 La.Ann. 1214, 1218, 24 So. 224; Verges v. Gonzales, 33 La.Ann. 410.

Sam Imbragulia is a retail dealer in fruits and vegetables and other produce. For more than thirty-five years he maintained a stand in the French Market (Stall No. 49). S. Petrie, the plaintiff, is a wholesale dealer in produce who, for more than fifteen years individually and as a member of a partnership, sold Imbragulia fruit and vegetables. Marion Miorano, Imbragulia's brother-in-law, and Mrs. Imbragulia, Miorano's sister, assisted Imbragulia in his business. The defense urged by Imbragulia to plaintiff's claim is based upon his alleged retirement from the business so long conducted by him in the French Market and his removal to another part of the city, 2521 Bayou road, where he operates a similar business. Imbragulia asserts that during the time the merchandise was sold and delivered by plaintiff, his brother-in-law was the sole proprietor of that business and he (Imbragulia) had no connection with it. Mrs. Imbragulia, however, continued to assist in the operation of the stand, and Imbragulia admits that he occasionally visited the place though his business was at a distant point. The sign over the French Market stand still bore the name "S. Imbragulia," as did the two motortrucks used in connection therewith. The period of Miorano's alleged proprietorship covered about nine months, and thereafter Imbragulia returned to the French Market and resumed the operation of the stand, because, he says, of sentimental considerations based upon the fact that his mother before him had maintained a stand there for more than forty years. Miorano testified that he had informed the plaintiff of the fact that Imbragulia was no longer connected with the business and that he

had sought and obtained a credit account with plaintiff in his own name. Photostatic copies of a number of checks issued by a restauranteur by the name of Gluck, who had bought vegetables from the Imbragulia stand in the French Market, were introduced in evidence. These checks were payable to and had been indorsed by Miorano and given to Petrie in payment of other purchases.

Petrie denies that Miorano had informed him concerning the change in ownership of the business and asserted that all his transactions with Miorano were as agent for Imbragulia.

In our opinion the evidence does not justify a finding that Imbragulia had severed his connection with the business and that notice to that effect had been given Petrie. We believe that Petrie was justified in assuming that the merchandise delivered to Miorano was for account of Imbragulia. Miorano had often bought fruit and vegetables from Petrie for account of Imbragulia, and Petrie had received payment therefor from Imbragulia without any question of Miorano's agency. If there had been any change in the situation, it was Imbragulia's duty to notify Petrie. This, Imbragulia does not pretend to have done. See article 3029, R.C.C.

The Case of Frank Grocery Company, Inc., v. Mandel (La.App.) 152 So. 775, relied on by counsel for defendant, is not in point.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.