## BARTHET vs. ANDRY.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS, JUDGE WATTS PRESIDING.

Where the seller delivered up the notes of the purchaser, which he had received for the price, in exchange for the notes of other persons, the debt due by the purchaser was thereby novated, and his warranty does not extend to the solvency of the makers and endorsers of the notes given in exchange.

Where the purchaser and ten other persons, bind themselves, *jointly*, to re-imburse the seller the amount of certain notes given to him, if not paid at maturity, each one will only be bound for his proportion of the loss.

So, where the purchaser, supposing himself bound *in solido*, when he was only *jointly* liable with others, made a contract for the-payment of the whole claim under this belief : *Held*, that it is an error of law, and he is entitled to relief.

This is an action to rescind a contract, and for the return of a payment, as having been made in error of law.

The plaintiff purchased a tract of land from the defendant, and gave his three promissory notes, payable in one, two and three years, for sixteen thousand dollars each, for the balance due, secured by endorsement and mortgage. The defendant bound himself, that in case the plaintiff should re-sell the whole or a part of the property, to raise his mortgage, return the three notes, on receiving the amount, after deducting eight per centum; or to exchange them for notes of the purchasers, satisfactorily endorsed. In pursuance of this stipulation, the defendant, Andry, received twenty notes of the different purchasers, at a re-sale of the property, secured by mortgage, &c., and delivered up to the plaintiff his three original notes. Ten of these purchasers, at the re-sale, intervened with the plaintiff in a notarial act, of the 23d February, 1837, and guaranteed the payment of these notes. Nine of them were not paid at maturity, leaving a balance unpaid, including costs, of thirty-five thousand eight hundred and forty dollars, for which the present plaintiff, supposing himself bound *in solido*, in the act of guaranty, entered into a new contract for the payment of the whole amount in bank stock.

The plaintiff now alleges, that he was laboring under an error of fact and of law, in making said contract, from the effects of which, he seeks relief. He prays that the act by which this contract was entered into be cancelled; that the defendant be condemned to pay him the sum of thirty-five thousand eight hundred and forty dollars, with interest and costs.

The defendant pleaded the general issue. It was admitted in evidence, that the plaintiff had made the payment to the defendant, for the deficiency occasioned by the protested notes, in bank stock of the Improvement Bank, at eighty dollars per share, for one hundred dollars paid.

The judge, *a quo*, decided that the plaintiff was acting under an error in law, supposing himself liable *in solido*, in the act of guaranty, when he was only bound *jointly*, with ten others, to pay his proportion of the notes that remained unpaid at maturity, and was entitled to relief. Judgment

was given for annulling the new contract, and for the return of the bank stock, reserving to the defendant his right against the plaintiff, for his proportion, in an action against the joint obligors. The defendant appealed.

*L. Janin*, for the plaintiff.

*Benjamin, contra.*

*Rost, J.*, delivered the opinion of the court.

The plaintiff purchased from the defendant, a tract of land for seventy thousand dollars, of which twenty-two thousand were paid in cash, and for the balance, the plaintiff gave his three several promissory notes to the order of, and endorsed by Antoine Maurin. In the deed of sale, the defendant bound himself, in case the plaintiff should re-sell the whole or a part of the land, to raise the mortgage by which the aforesaid three notes were secured, and to return the said notes on receiving the amount thereof, after deducting eight per cent. discount, or to exchange them for notes of purchasers of portions of said property, drawn and endorsed to the satisfaction of the said defendant.

Subsequently, the aforesaid notes were exchanged for others, received by the plaintiff in payment of portions of the land. The notes of the plaintiff were returned to him, and the mortgage which the defendant had retained on the property, was raised by him, in the notarial act containing these stipulations. Ten other persons intervened, who declared that they warranted to the defendant, together with the plaintiff, who bound himself, also, to that effect, the payment of all and each of the notes given to him in exchange, and that although they did not endorse them, they bound themselves to reimburse to him the amount of all those notes which should not be paid when due.

The greater part of these notes were protested for non-payment. The plaintiff took them back from the defendant, and gave him in payment thereof, four hundred and forty-eight shares of bank stock.

The plaintiff now contends, that he took up these notes under a false impression that he was bound *in solido* to the defendant, together with the other persons named in the act by which the exchange of notes was made, when in fact he was only jointly bound with them, and he asks to be relieved against that error of law. The defendant pleaded the general issue, and judgment having been rendered against him in the first instance, he appealed. The facts alleged by the plaintiff are fully proved. The defendant expressly states in the notarial act, passed between him and the plaintiff, that he received the three notes of the plaintiff endorsed by Maurin, in payment of the land he sold. Subsequently, he exchanged these notes for notes of other persons, many of which were not paid at maturity. The debt of the plaintiff was novated by the exchange, and the law does not require him to warrant the solvency of the drawers and endorsers of the notes he gave, unless he knew, or had strong reasons to suspect, that they were insolvent at the time of the assignment, which knowledge is not alleged.

All the rights of warranty of the defendant against the plaintiff, result exclusively from the contract which they made. In that contract, the plaintiff and ten other persons bind themselves, jointly, to reimburse to the defendant, the amount of any of the notes given to him, which will not be paid at maturity. The notarial act passed between the plaintiff and defendant, when the former gave bank stock for all the notes unpaid, shows clearly that he was in error, and believed himself bound *in solido,* and we cannot resist the conviction, that this error was the only cause of the contract last entered into.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Commercial Court be affirmed, with costs.

Eastern Dist.
*May,* 1839.

BARTHET
*vs.*
ANDRY.

Where the seller delivered up the notes of the purchaser, which he had received for the price, in exchange for the notes of other persons, the debt due by the purchaser was thereby novated, and his warranty does not extend to the solvency of the makers and endorsers of the notes given in exchange.

Where the purchaser and ten other persons bind themselves jointly to reimburse the seller the amount of certain notes given to him, if not paid at maturity, each one will only be bound for his proportion of the loss.

So, where the purchaser, supposing himself bound *in solido,* when he was only jointly liable with others, made a contract for the payment of the whole claim under this belief: *Held,* that it is an error of law, and he is entitled to relief.