No. 9927.

S. M. BUCKINGHAM vs. THE BOARD OF LIQUIDATION.

The *bona fide* holder of State bonds, the genuineness and legality of which is not at issue, issued under Act 69 of 1870, E. S., is entitled to have them funded under Act 3 of 1874, although the books of the Auditor show that more bonds have been funded than were issued.

The plaintiff cannot be made to suffer from the error or fraud committed.

APPEAL from the Seventeenth District Court, parish of East Baton Rouge. *Burgess*, J.

*Kennard, Howe* and *Prentiss*, for Plaintiff and Appellee.
*M. J. Cunningham*, Attorney General, for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a judgment which directs the funding of certain bonds held by plaintiff, issued under Act 69 of 1870, E. S.

The Board of Liquidation contends that, acting under Act 3 of 1874, which provides for the funding of State bonds, it has no right to fund bonds of any particular issue, to a larger amount than appears to have been uttered.

The legality or genuineness of the bonds held by plaintiff is not at issue.

It appears from the books of the State Auditor that $2,950,000 of the floating debt bonds were issued under the act of 1870, and that $2,-962,000 of those bonds have already been funded under the act of 1874, $12,000 more than issued.

No doubt the entries on the Auditor's books are *prima facie* correct, but what does this presumption amount to when they are self-destructive? Their own recitals establish either that more than the stated number and amount of bonds have been issued, or that among the bonds funded there are some which are spurious.

If the bonds *funded* are all genuine, then the number and amount of bonds *issued* exceed by $12,000 the bonds funded.

If, on the other hand, the bonds *funded* are in part spurious, for an amount exceeding $12,000, then the number and amount of the bonds issued include more than $12,000 of forged bonds.

The plaintiff is a *bona fide* holder of genuine legal bonds, not cancelled, as is done with funded bonds.

It is evident that some error or fraud has been committed somewhere; but, whether the one or the other, the plaintiff cannot be made to suffer. The State must seek relief otherwise than by shutting him out.

Judgment affirmed.