PROYOSTY, X
Plaintiff complains that, by misdescription, the act of sale executed in .his favor by defendant’s father, from whom defendant holds as heir, has been made to refer to a different tract of land from the one intended to be sold, and he asks that the description in the deed be corrected. Judgment went against defendant in the lower •court. He paid the costs, and then appealed. 11] Motion was made to dismiss the appeal, on the ground that, by paying the costs, defendant had acquiesced in the judgment. The case was remanded to afford an opportunity to prove the circumstances under which the payment was made. They are, as follows: After consulting with his attorney as to whether to appeal or not, and after having been informed by his attorney that the bond, whether for a devolutive or a suspensive appeal, would be simply for costs plaintiff went to the courthouse, at the suggestion of his attorney, to ascertain what the .amount of the costs was; and as the amount proved to be small, he then and there paid ■them, rather than go to the trouble of furaiishing bond. I-Ie understood (in fact, says that he was told by the clerk of court) that it would not prejudice his right of appeal, and that, in the event his appeal was successful, the amount would be reimbursed him. After having made this payment, he returned to the office of his attorney to instruct him to take an appeal, but, not finding the attorney in, he left him word to take the appeal, and the attorney did it, and never knew thát the costs had been paid until so advised by the motion to dismiss the appeal.
Article 567, O. R., provides that:
“The party against whom judgment has been rendered cannot appeal, if he have acquiesced in the same, by executing it voluntarily.” .
“To take away the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment rendered on the part of the appellant.” Jackson v. Machie, 33 La. Ann. 723.
“To execute voluntarily is to execute with the intention to confirm or ratify. The act from which confirmation or ratification is sought to be deduced must evince such intention clearly. and unequivocally. None will be inferred when the act can be otherwise explained.” Breaux v. Savoie, 39 La. Ann. 343, 1 South. 614; Hamilton v. Hodge, 30 La. Ann. 1290; Copeland v. Mickie, 17 La. 293.
Article 1846, Civil Code, provides:
“Error in law, as well as error in fact, invalidates a contract, where such error is its only or principal cause, subject to the following modifications and restrictions:
“(3) Error of law can never be alleged as the means of acquiring, though it may be invoked as the means of preventing loss or of recovering what has been given or paid under such error. The error, under which a possessor may be as to the legality of his title, shall not give him a right to prescribe under it.”
See, also, Barthet v. Andry, 14 La. 30.
The evidence leaves no doubt, that defendant had no intention whatever of acquiescing in the judgment; and that he paid these costs in error as to what the effect might be on his right of appeal.
The motion to dismiss is overruled.