O’NIELL, C. J.
 

 (concurring in the decree). This is a suit to construe, or, in the alternative, to reform, a judgment which was rendered by consent, so as to make it conform to what the plaintiffs allege was the intention of the parties. The defendants pleaded, first, res judicata; second, the prescription of one-year ; third, no right or cause of action; and, fourth, estoppel. The district judge, after hearing evidence on the pleas, sustained all of them and dismissed the suit. The plaintiffs have appealed from the decision.
 

 J. H. Williams died intestate, leaving a widow and four minor children. There are also five major children, issue of a previous marriage, who are the plaintiffs in this suit. The community property, according to the in
 
 *12
 
 ventory, is valued at $132,344.03, and the separate estate of the deceased is valued at $123,210; and there is other property valued at $3,000, the ownership of which — whether it is community property or belongs to the separate estate of the deceased — is in dispute. The succession was thoroughly solvent, but owed some debts, and, as the estate consisted mainly of farms, which required administration, it was deemed urgent that an administrator should be appointed.
 

 It appears that the widow’s application to be appointed administratrix was opposed by the major heirs, issue of the first marriage; but before the contest was submitted to the court for decision, the parties agreed that the estate should be administered jointly by the widow and G. H. Pearson, the husband of one of the major heirs. One of the minor children, issue of the second marriage, was emancipated, and the widow qualified and was confirmed as tutrix of her three other children. The agreement between the widow, for herself and on behalf of her children, on the one hand, and the five major heirs, issue of the first marriage, on the other hand, was reduced
 
 to
 
 writing, and it provided in minute detail for the administration and settlement of the estate. Provision was made for the appointment of arbitrators to determine what property belonged to the community and what belonged to the separate estate of the deceased, and what debts were community debts and what were the separate debts of the deceased. There was, of course, no doubt or dispute that the widow was entitled to half of the community property, and that each of the nine heirs was entitled to one-ninth of the other half of the community property and one-ninth of the separate estate of the deceased. It was also understood that the widow was entitled to the usufruct of her children’s share of the community property, but, through an unaccountable oversight on the part of the attorneys, it seems to have been assumed that the widow was entitled to the usufruct of half of the community property, not only of the four-ninths of the half, inherited by her children, but also of the five-ninths of the half, inherited by the major heirs, issue of the first marriage.
 

 Accordingly, and in order to carry out their agreement, the widow, for herself and as tutrix of her three unemancipated children, and the emancipated child and the five major heirs, issue of the first marriage, filed a joint petition in court, setting forth their agreement, and praying to be sent into possession of the estate — the widow and her emancipated minor child and the five major heirs accepting unconditionally and- the tutrix accepting for her three unemancipated minor children under benefit of inventory — all in accordance with -the agreement which was attached to and made part of their petition. They prayed that the widow should be recognized as the surviving member of the community, and that -the nine other petitioners should be recognized as the only heirs, each entitled to one-ninth of the estate of the deceased. Through the error or oversight which we have mentioned, however, the petitioners prayed that the widow should bo sent into possession of the community property, as owner of one half and as usufructuary of the other half; whereas, according to article 916 of the Civil Code, she was entitled to the usufruct of only the four-ninths of the half, being the share of her children, and not of the five-ninths of the half, the share of the five major heirs. The judgment, as prayed for, was rendered and signed, not in open court, but at chambers. It is that judgment which the five major heirs are suing to reform, on the allegation that the admission and decree that the widow was entitled to the usufruct of one-half instead of only four-ninths of one-half of the community property was the result of a mutual error or oversight on the part of all parties concerned.
 

 The case has. not been tried on its merits, having been dismissed on the pleas of res
 
 *14
 
 judicata, prescription, no right or cause of action, and estoppel. The evidence which was introduced was objected to by the defendant’s attorney, but I agree with the district judge that it was admissible for the purpose of showing that the suit was brought within a year after the error was discovered, and that therefore the action was not barred by prescription. The evidence leaves no doubt that the error was only discovered within the year previous to the filing of the suit and the service — or waiver of service— of citation. There was ample opportunity for the plaintiffs’ attorneys to discover the error from the moment it was made; for the petition, in which the error appeared, was passed back and forth for inspection and correction by and between the attorneys for the major heirs and the attorneys for the widow and minor heirs, and none of them observed that the widow was being given the usufruct of a larger share of the community property than the share which she was entitled to the usufruct of. The undisputed fact is that the attorneys forgot that article 916 of the Civil Code allowed the widow the usufruct of only her own children’s share of the community property. The reason for the oversight, manifestly, was that the settlement which was being made was altogether amicable; there was nothing at issue; everybody intended that each should have what the law allowed him or her.
 

 Inasmuch as the suit was brought within the year after the error was discovered, the plea of prescription is not well founded. The plea of res judicata is, of course, not well founded, because, in an action to annul or to reform a judgment, a plea that the judgment complained of cannot be pleaded as res judicata, would be a begging of the question — an arguing in a circle. Edwards v. Edwards, 29 La. Ann. 597; Holbrook v. Holbrook, 32 La. Ann. 13; Heroman v. Louisiana Institute, 34 La. Ann. 805; Anderson v. Benham, 40 La. Ann. 336, 4 So. 454; Lazarus v. McGuirk, 42 La. Ann. 194, 8 So. 253.
 

 The plea of estoppel was based upon the fact that, by subjecting half of the community property to the widow’s usufruct, the tax collector charged a smaller inheritance tax on the plaintiffs’ share of the community property that he would have charged if only four-ninths of the half of the community property had been subjected to the widow’s usufruct. The evidence shows — and it would be quite certain without such evidence — that the plaintiffs did not give the widow the usufruct of their share of the community property for the purpose of saving or reducing the inheritance tax. The amount of the inheritance tax which they will have saved amounts to nothing in comparison with the loss which they will sustain if the error is not corrected. The correct amount of inheritance taxes may be paid yet if the error is corrected. The plea of estoppel is not well founded.
 

 The only remaining question is whether the plaintiffs have a right of action and have set forth a cause of action. I have had some doubt about that because the error complained of seems to have been an error of law more than an error of fact. If the judgment .which is sought to be reformed had been rendered as the result of a contest between the parties, the plaintiffs would not have a right or cause of action to reform it. But the judgment is in fact nothing more than the judicial sanction or evidence of what is supposed to have been an agreement between the parties, and the plaintiffs are entitled to have the judgment show truthfully what their agreement was. If none of the parties to the agreement intended that the major'heirs were conceding or should concede to the widow anything more than the law allowed her, it would seem very unjust to burden their share of the community property with an usufruct in her favor, in consequence merely of a mutual error or oversight on the part of all par
 
 *16
 
 ties to the transaction. An error of law, as well as an error of fact, will invalidate a contract, where the error of law was the only cause or the principal cause for the doing of what was erroneously done, or for the agreement to what was erroneously agreed to. Rev. Civ. Code, art. 1846; Philippine Sugar Estates Development Co. v. Government of Philippine Islands, 247 U. S. 385, 38 S. Ct. 513, 62 L. Ed. 1177; Sims v. Jeter, 129 La. 262, 55 So. 877. There is nothing in the record now to show that the rights of third parties have been affected by the alleged error. Por these reasons I agree that the plaintiffs are entitled to a hearing on the merits of this suit